# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02665-RM-NYW

EVANSTON INSURANCE COMPANY,
an Illinois corporation,

      Plaintiff,

v.

AMINOKIT LABORATORIES, INC.,
TAMEA RAE SISCO, and
JONATHAN LEE, M.D.,

      Defendants.

---

## MINUTE ORDER

---

Entered by Magistrate Judge Nina Y. Wang

      This matter is before the court on Defendants Aminokit Laboratories, Inc. d/b/a Treatment Centers, XL and Tamea Rae Sisco's Unopposed Motion to Redact the Amended Complaint (the "Motion to Redact"). [#58, filed Mar. 24, 2016]. The Motion to Redact is before this Magistrate Judge pursuant to the Order Referring Case dated February 12, 2016 [#26] and the Memorandum dated March 24, 2016 [#59].

      There is a common-law right of access to judicial records, premised on the recognition that public monitoring of the courts fosters important values such as respect for our judicial system. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *In re Providence Journal Co.*, 293 F.3d 1, 9 (1st Cir. 2002). Judges have a responsibility to avoid secrecy in court proceedings because "secret court proceedings are anathema to a free society." *M.M. v. Zavaras,* 939 F. Supp. 799, 801 (D. Colo. 1996). There is a presumption that documents essential to the judicial process are to be available to the public, but access to them may be restricted when the public's right of access is outweighed by interests which favor nondisclosure. *See United States v. McVeigh,* 119 F.3d 806, 811 (10th Cir. 1997).

      These principles are reflected in D.C.COLO.LCivR 7.2. Local Rule 7.2(c) is quite clear that a party seeking to restrict access must make a multi-part showing. It must: (1) identify the specific document for which restriction is sought; (2) identify the interest to be protected and the reasons why that interest outweighs the presumption of public access; (3) identify a clear injury that would result if access is not restricted; and (4) explain why alternatives to restricted

access—such as redaction, summarization, stipulation, or partial restriction—are not adequate. D.C.COLO.LCivR 7.2(b)(1)–(4).

Defendants request that the Amended Complaint [#46] be redacted to protect the confidentiality of the dollar amount of settlement of an underlying case to which the claims in this case pertain. Defendants represent that the term of settlement of the underlying case is confidential, and that there is potential for harm to the business and reputation of Defendants if this information is not redacted.

The court finds that Defendants have made the requisite showing under the applicable legal standard to establish that the settlement amount of the underlying case should be redacted.

Accordingly, **IT IS ORDERED** that:

(1) Defendants' Unopposed Motion to Redact the Amended Complaint [#58] is **GRANTED**;

(2) Plaintiff shall file a redacted version of the Amended Complaint, redacting only the amount of the settlement, on or before **March 29, 2016**;

(3) The Clerk of Court shall restrict [#46] under a Level 1 restriction.

(4) Nothing in this Minute Order shall affect Plaintiff's service obligations pertaining to the Amended Complaint.

DATED: March 25, 2016